**AIPING HAN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–71401.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.[*]

Filed March 23, 2016.

Aiping Han, San Gabriel, CA, pro se, Petitioner.

Drew Brinkman, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM [**]

Aiping Han, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the problems the agency identified as to Han's vague and implausible testimony regarding the whereabouts of her husband after he allegedly escaped arrest, and his whereabouts and activities since Han's arrival in the United States. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Han's explanations do not compel a contrary result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Han's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Further, even if Han's testimony was credible, substantial evidence supports the agency's finding that Han failed to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

Substantial evidence also supports the agency's denial of Han's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Han would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha,* 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.